IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONALD RAY RECTOR, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0040 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION
## FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Petitioner DONALD RAY RECTOR, JR. has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody wherein he challenges his state court conviction and sentence. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application is time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and should be DISMISSED.

I.
PROCEDURAL HISTORY

On July 12, 2007, petitioner was indicted in Potter County, Texas with the offense of possession of a controlled substance in a drug free zone, with a prior felony alleged for enhancement of punishment. *State v. Rector*, No. 56,147. On October 4, 2007, a jury found petitioner guilty as charged and assessed punishment at fifteen (15) years imprisonment.

Petitioner filed a direct appeal challenging his conviction and sentence. On July 15, 2008, the Court of Appeals for the Seventh District of Texas affirmed petitioner's conviction in an unpublished opinion. *Rector v. State*, No. 07-07-0463-CR. On August 13, 2008, the appellate court overruled petitioner's motion for rehearing. *Id.* Petitioner did not seek further direct review of his conviction and sentence by filing a petition for discretionary review.[1]

On April 16, 2009, petitioner filed a state application for a writ of habeas corpus challenging his conviction and sentence. On June 17, 2009, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *See In re Rector*, App. No. 72,111-01.

Petitioner attests he placed the instant federal habeas application in the prison mail system on January 28, 2010.[2] The petition was received by this Court and filed of record on February 11, 2010. On March 29, 2010, respondent filed a motion to dismiss petitioner's federal habeas application as time barred. As of this date, petitioner has not filed a response in opposition to respondent's motion.

II.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

---

[1] The online appellate court docket reflects petitioner filed two (2) pro se motions with that court on August 15, 2008 and August 22, 2008, respectively, as well as correspondence on January 12, 2009.

[2] The transmittal envelope reflects a February 9, 2010 postmark. Despite this discrepancy, the Court will assume, for purposes of this discussion, that petitioner "filed" his habeas petition on January 28, 2010. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

    period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

    The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

    In the instant case, petitioner was convicted October 4, 2007, and his conviction was affirmed on direct appeal on July 15, 2008 with rehearing being overruled on August 13, 2008. Petitioner did not file a petition for discretionary review, therefore, petitioner's conviction became final on September 12, 2008, upon the expiration of the 30-day time period allowed under Texas

law for filing a petition for discretionary review. Tex. R. App. P. 68.2(a) (2008). Consequently, any federal habeas application challenging petitioner's conviction was due on or before September 12, 2009. This time period, however, was tolled for the period of time during which petitioner's properly filed application for State post-conviction relief was pending, *i.e.*, from April 16, 2009 to June 17, 2009, a total of 56 days. Consequently, petitioner's federal habeas application challenging his conviction was due on or before November 9, 2009. Petitioner, however, failed to file the instant federal habeas application until January 28, 2010. Consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner DONALD RAY RECTOR, JR. be DISMISSED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 8th day of June 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).